UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CENTER FOR RESTORATIVE BREAST SURGERY, L.L.C., ET AL.** | * <br> * <br> * | **CIVIL ACTION** |
| **VERSUS** | * <br> * | **NO. 10-4346** |
| **HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC., ET AL.** | * | **SECTION "L"(2)** |

<u>**ORDER AND REASONS**</u>

The Court has pending before it a motion to remand to state court (Rec. Doc. 9) filed by

Plaintiffs Center for Restorative Breast Surgery, L.L.C. ("the Center") and St. Charles Surgical

Hospital ("St. Charles"). The Court has reviewed the briefs and the applicable law and now

issues this Order and Reasons.

**I.      Background**

This case arises out of alleged underpayment for medical services. The Center performs

breast reconstruction surgery. St. Charles provides hospital services in connection with those

procedures. Both Plaintiffs allege that they provided medical services to patients who were

participants in Defendants' ERISA plans.[1] The Plaintiffs allege that prior to rendering those

services, they contacted the Defendants and obtained verification that the medical services would

be reimbursed. The Plaintiffs allege that they performed the medical procedures and that the

patients assigned their right to receive benefits for those procedures to the Plaintiffs. The

_____

[1]Although the petition does not expressly state that the patients were participants in
ERISA plans, it also does not expressly allege that the patients were not ERISA plan
participants. Because the parties frame the issues in terms of ERISA preemption, the Court
draws the conclusion that the Defendants are proper ERISA parties.

Plaintiffs allege that the Defendants then underpaid for those procedures.  The Plaintiffs filed

suit in Civil District Court for the Parish of Orleans, asserting claims for breach of contract,

failure to pay on an open account, detrimental reliance, unjust enrichment, and breach of the

Louisiana statutory patient's bill of rights.  Defendants timely removed to this Court.

The Plaintiffs now move to remand, arguing that they have not asserted any claims under

ERISA and that no other basis of federal jurisdiction is apparent from the face of the petition.

The Defendants argue that certain of Plaintiffs' claims are completely preempted by ERISA and

that removal was proper based on those inherently federal claims.

## II.  Law & Analysis

A federal court is a court of limited jurisdiction.  In opposing a motion to remand, the

"removing party bears the burden of showing that federal jurisdiction exists and that removal

was proper."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"Any ambiguities are construed against removal because the removal statute should be strictly

construed in favor of remand."  *Id.*  The only potential basis for federal jurisdiction in this case is

federal question jurisdiction under 28 U.S.C. § 1331.  Pursuant to the "well-pleaded complaint

rule," the Court generally looks to the face of the state complaint or petition to determine

whether federal question jurisdiction exists.  *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411,

416 (5th Cir. 2008).  However, federal law can occupy a particular area of law so completely that

"any civil complaint raising this select group of claims is necessarily federal in character."  *Giles*

*v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  When that occurs, the state

law claim is "completely preempted" and "presents a federal question" that "provides grounds

for a district court's exercise of jurisdiction upon removal," regardless of the well-pleaded

complaint rule.  *See id.* at 337.  "ERISA provides one such area of complete preemption."

*McAteer*, 514 F.3d at 416.[2]  To defeat remand, "all the defendant has to do is demonstrate a

substantial federal claim, *e.g.*, one completely preempted by ERISA, and the court may not

remand."  *Giles*, 172 F.3d at 337.

    In *Aetna Health Inc. v. Davila*, the Supreme Court addressed removability and the scope

of ERISA's complete preemption.  542 U.S. 200 (2004).  A state law claim falls within the scope

of ERISA and is completely preempted "if an individual, at some point in time, could have

brought his claim under ERISA § 502(a)(1)(B), and ... there is no other independent legal duty

that is implicated by a defendant's actions."  *Id.* at 210.  Put differently, the purported state law

claim is completely preempted if "the individual is entitled to such coverage only because of the

terms of an ERISA-regulated employee benefit plan, and ... no legal duty (state or federal)

independent of ERISA or the plan terms is violated."  *Id.*

    Whether a third-party health care provider's claims are completely preempted by ERISA

depends on precisely what rights the provider seeks to enforce and what duty it alleges has been

breached.  *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1346-47

(11th Cir. 2009).  One possibility is that a third-party health care provider can seek to enforce its

patient's rights to reimbursement pursuant to the terms of the ERISA plan, in a derivative

capacity pursuant to an assignment of the patient's rights.  That kind of derivative claim is

completely preempted by ERISA.  *Id.* at 1347.  On the other hand, if a health care provider can

---

    [2]ERISA also contains an express or conflict preemption provision, 29 U.S.C. § 1144(a),
but conflict preemption is an affirmative defense that does not make a state complaint
removable.  *See Arana v. Ochsner Health Plan*, 338 F.3d 433, 439-40 (5th Cir. 2003).
Accordingly, conflict preemption is not relevant to the Court's analysis and the Court draws no
conclusions about whether any of Plaintiffs' claims are expressly preempted.

assert a right to payment based on some separate agreement between itself and an ERISA

defendant (such as a provider agreement or an alleged verification of reimbursement prior to

providing medical services), that direct claim is not completely preempted by ERISA. *See id.* at

1346-47; *accord Intra-Operative Monitoring Svcs., Inc. v. Humana Health Benefit Plan of La.,*

*Inc.*, No. 04-2621, 2005 WL 1155847 (E.D. La. May 5, 2005). A health care provider may also

have both a valid assignment of its patient's rights and a direct claim arising under state law and

can elect to assert either or both of those claims. *Conn. State Dental Ass'n*, 591 F.3d at 1347. In

that third situation, the mere existence of an assignment of the patient's rights under the ERISA

plan is jurisdictionally irrelevant *so long as* the provider is not actually seeking to enforce that

derivative claim. *See Intra-Operative Monitoring Svcs.*, 2005 WL 1155847, at *2.

Thus, the propriety of removal in this case depends on the nature of Plaintiffs' causes of

action. If Plaintiffs allege only claims arising out of a breach of an independent legal duty

assumed by Defendants when Defendants allegedly verified a specific degree of reimbursement,

that claim is not completely preempted and there is no federal question jurisdiction for removal.

But if Plaintiffs also derivatively assert their patients' claims for benefits under the Plans

pursuant to an assignment, those claims are completely preempted and provide a jurisdictional

hook that appears on the face of the petition.

The allegations in the state court petition unfortunately mix and match the concepts and

terminology of direct and derivative claims. For example, Plaintiffs allege that "[t]he

verification of benefits by the Defendants created a contract between the Defendants and one of

the [Plaintiffs], as an assignee of the insured." Likewise, Plaintiffs allege that "[u]nder the terms

of the assignment, the Defendants were obligated to reimburse [Plaintiffs] for the medical

services to the insureds based on the pre-procedure verifications of the Defendants." Plaintiffs

are conflating two different concepts; the assignment of rights and the pre-procedure verification

are unrelated. Independent of any pre-procedure verification, the Defendants owed a duty to the

patients to pay according to the terms of the plan; if the patients assigned those rights to the

Plaintiffs and Plaintiffs intend to enforce those rights as assignees, then they step into the shoes

of the patients and they are asserting the duty to reimburse owed pursuant to the Plan, not to any

verification. Conversely, the Defendants allegedly made a promise directly to the Plaintiffs, and

Plaintiffs can seek to enforce that agreement regardless of whether or not they received an

assignment of any rights from their patients. Plaintiffs' pleadings apparently combine these two

different theories of recovery.

There is authority suggesting that the Court should construe ambiguities in a state court

petition in favor of remand rather than removal. *Manguno*, 276 F.3d at 723. However, the Court

concludes that, although inexact, the petition is not ambiguous and is fairly read as asserting both

direct and derivative assigned claims.[3] With respect to the direct claims, Plaintiffs undoubtedly

---

[3]This is different than the situation in *Lorenz v. Tx. Workforce Comm'n*, 211 F. App'x 242 (5th Cir. 2006). In *Lorenz*, the plaintiff filed in Texas state court, alleging that he was wrongfully discharged from employment based on his religious attire and labeling his claims as "Wrongful Discharge." *Id.* at 243. His employer removed, arguing that federal question jurisdiction existed because the plaintiff stated a claim for a Title VII violation. *Id.* at 244. The Fifth Circuit held that there was no federal question jurisdiction because, although the plaintiff's factual allegations were cognizable under the Civil Rights Act, they also stated a claim under Texas state law. The petition did not cite the precise legal basis for the cause of action, and thus it was "ambiguous as to what cause of action [plaintiff] is bringing and on what law he bases his claim." *Id.* at 245. Because it was "equally possible" that the plaintiff asserted a state or federal law claim, the Fifth Circuit construed the ambiguity against jurisdiction and in favor of remand. *Id.* Here, the extensive allegations regarding the assignments of rights from the Plaintiffs' patients are not equally likely cognizable as federal or state causes of action, because claims asserting the patients' rights are completely preempted and are inherently federal in character.

allege that the pre-procedure verifications created an independent legal duty on the part of the

Defendants to reimburse Plaintiffs, characterized either as a claim for breach of contract or

detrimental reliance.  This type of claim relates to an independent legal duty and is not subject to

complete preemption.  *See Intra-Operative Monitoring Svcs.*, 2005 WL 1155847, at *2.

But Plaintiffs also attempt to assert the derivative assigned claims of their patients.

Thirty-one paragraphs, nearly two-thirds of the petition, fall under the heading "Breach of

Contract Claim by Defendants With the Petitioners *As Assignees for the Insureds*."  (Rec. Doc.

1-2 at 5-9) (emphasis added).  Plaintiffs allege that "[e]ach of the Defendants' insureds had a

contract of health insurance with one of the Defendants herein," that "[u]nder the contract

between the insureds and the Defendants, and in exchange for the fee paid by the insureds, the

Defendants are obligated to pay a healthcare provider an 'allowable amount' for services

provided to the insureds," and that the patients assigned their rights to payment under the Plans

to the Plaintiffs.  And although Plaintiffs do not expressly allege that the Defendants failed to

pay pursuant to the terms of the ERISA plans, they come close enough: "*Under the terms of*

*assignment*, the Defendants were obligated to reimburse [Plaintiffs] for the medical services

provided to the insureds based on the pre-procedure verifications of the Defendants."  (Rec. Doc.

1-2 at 7) (emphasis added).  Although Plaintiffs tack on the explanation that the claim is "based

on the pre-procedure verifications of the Defendants," there is simply no reason for Plaintiffs to

have even mentioned the existence of the assignments, let alone at such length and under the

heading "Breach of Contract Claim by Defendants with the [Plaintiffs] *As Assignees for the*

6

*Insureds*" if Plaintiffs were not asserting the derivative assigned claims.[4]

Having categorized the claims actually asserted in the state court petition, the Court finds

that the jurisdictional question is easily resolved.  Plaintiffs are bringing both direct claims and

derivative claims on behalf of their patients pursuant to the terms of an assignment.  The patients

could have brought the derivative claims themselves pursuant to the ERISA enforcement

provision in the absence of an assignment.  Moreover, there is no allegation that the duty of the

Defendants to pay the patients arose from anything other than an ERISA plan.  Accordingly

those claims are completely preempted by ERISA and are inherently federal questions that

appear on the face of the state court petition, giving rise to jurisdiction in this Court.  *Davila*, 542

U.S. at 210.

Although Plaintiffs state in their petition that "The Center and the Hospital are not

making any claims under the Employee Retirement Income Security Act," that is of no moment.

(Rec. Doc. 1-2 at 5).  Complete preemption makes a purportedly state-law cause of action

inherently federal; there is no way to "forego" bringing it as a federal claim.  Plaintiffs also argue

that "they brought their claims against the defendants solely in the defendants' capacity as health

insurers subject to state law and are not alleging any claims against Humana in its capacity as

alleged ERISA administrators."  A party cannot simply change the label of a claim and thereby

bring it out of the scope of ERISA complete preemption.

Additionally, Plaintiffs' state-law claims (to the extent that they are not also expressly or

---

[4]Although mere arguments in a motion to remand do not create or defeat jurisdiction if
jurisdiction is not evident from the face of the petition, the Court notes that Plaintiffs take the
position that "the patients have assigned their rights under the insurance policies to the Center
and the Hospital, and the Center and the Hospital stand in the patients' shoes."  (Rec. Doc. 9-1 at
5).

completely preempted, which the Court does not reach), form part of the same case and

controversy and exercise of supplemental jurisdiction over those claims is appropriate.  28

U.S.C. § 1367(a).

**III.     Conclusion**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand (Rec. Doc. 9) is DENIED.

New Orleans, Louisiana, this 21st day of March, 2011.

_____
U.S. DISTRICT JUDGE