UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CENTER FOR RESTORATIVE<br>BREAST SURGERY, L.L.C., ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-4346 |
| HUMANA HEALTH BENEFIT<br>PLAN OF LOUISIANA, INC., ET AL. | SECTION "L" (2) |

**ORDER & REASONS**

Before the Court is Defendants Humana Health Benefit Plan of Louisiana, Inc., Humana Inc., and Humana Health Plan, Inc.'s (collectively "Humana") motion for reconsideration. (Rec. Doc. 67). Having considered the applicable law and the parties' memoranda, the Court now issues this order.

**I.   BACKGROUND**

This case arises out of alleged underpayment for medical services. The Center for Restorative Breast Surgery, LLC ("Center") performs post-mastectomy breast reconstruction medical services and St. Charles Surgical Hospital ("St. Charles") provides hospital services in connection with those procedures. Both the Center and St. Charles provided these services to patients who were participants in Humana's Employee Retirement Income Security Act ("ERISA") plan. The ERISA plan permits patients to obtain services from out-of-network providers, such as the Center and St. Charles, and in turn Humana calculates and pays reimbursements to the providers of those services. In calculating the reimbursement, they consider the reasonable and customary rate.

The Center and St. Charles filed this action in the Civil District Court for the Parish of Orleans seeking benefits, on behalf of their patients, and seeking reimbursements, on their own

behalf, for services they had provided to patients covered by Humana. On November 17, 2010, Humana removed to this Court on the basis that the Center and St. Charles' claims were preempted by ERISA. (Rec. Doc. 1). On December 12, 2010, the Center and St. Charles sought remand (Rec. Doc. 9), which the Court denied on March 22, 2011 (Rec. Doc. 22). Humana then filed a motion to dismiss on April 15, 2011, and while it was pending, the Center and St. Charles filed a motion for leave to amend their complaint (Rec. Doc. 33). On July 20, 2011, the Court granted the Center and St. Charles' motion for leave to amend their complaint and denied Humana's motion to dismiss the original complaint. (Rec. Doc. 45).

    In their amended complaint, the Center and St. Charles assert claims against Humana under ERISA and state law. (Rec. Doc. 46). With respect to their ERISA claims, the Center and St. Charles assert that Humana breached its fiduciary duty of loyalty and care, failed to provide full and fair review, and violated the claims procedures, for which they seek recovery as assignees of their patients. Under state law, these include claims of detrimental reliance, fraud, negligent misrepresentation, breach of contract, and unjust enrichment, for which the Center and St. Charles seek recovery on their own behalf. They also claim Humana violated the Louisiana Unfair Trade Practices Act ("LUTPA") and the Louisiana Insurance Code. In response to their amended complaint, Humana filed the present motion to dismiss the above-listed claims (Rec. Doc. 49). After that motion had been fully briefed by the parties (Rec. Docs. 49, 53, 56, 60), the Court stayed the proceedings on October 12, 2011, on the joint motion of the parties (Rec. Doc. 61). On September 9, 2013, the Court lifted the stay on the motion of the Center and St. Charles. (Rec. Doc. 63). At the request of the parties, the motion to dismiss the amended complaint was then continued.

On March 27, 2014, the Court granted the motion in part and denied it in part. (Rec. Doc. 65). Specifically, it concluded that the Center and St. Charles' had sufficiently alleged their ERISA, detrimental reliance, fraud, negligent misrepresentation, and breach of contract claims, but not their unjust enrichment, LUTPA, and Louisiana Insurance Code claims.

## II.     PRESENT MOTION

Humana now moves for reconsideration on several of the Center and St. Charles' ERISA claims. (Rec. Doc. 67). First, it argues that the Center and St. Charles have not alleged facts sufficient to maintain their § 502(a)(1)(A) claim because they have not alleged that they made a written request for plan documents as required by ERISA. Second, it argues that they may not maintain both a § 502(a)(1)(b) claim in addition to a § 502(a)(2) or § 502(a)(3) claim because the "gist" of their claim is to obtain benefit payments, and thus, they are precluded from seeking relief for breach of fiduciary duty. Third, it argues that the Center and St. Charles' § 503 claim is invalid because it does not provide a seperate cause of action. In sum, Humana argues that the § 502(a)(1)(A), § 502(a)(2), § 502(a)(3), and § 503 claims must be dismissed.

The Center and St. Charles then respond. (Rec. Doc. 69). They argue that Humana simply seeks to re-litigate already-resolved issues. First, they argue that they adequately alleged that they were as assignees of the insureds and, as assignees, had standing to make a request for plan documents and did, in fact, make such a request in writing. Second, the Center and St. Charles argue that they need not demonstrate that they may simultaneously maintain § 502(a)(1)(B), § 502(a)(2), and § 502(a)(3) claims, but only demonstrate that they have sufficiently alleged each. Third, and similarly, they argue that they need to have sufficiently alleged a § 503 claim, without considering whether that claim may only provide relief under a § 502(a)(1)(b) claim. In

sum, the Center and St. Charles argue that, without discovery, it is not possible to determine which of their claims must be dismissed.

Humana then replies. (Rec. Doc. 73). First, it argues that the Center and St. Charles have not sufficiently alleged that they made any written request for the "plan documents," which are different than the documents pertaining to individual insureds, nor that they were assignees of the insureds with standing to request those plan documents. Second, it again argues that the Center and St. Charles may not, as a matter of law, simultaneously maintain § 502(a)(1)(B), § 502(a)(2), and § 502(a)(3) claims, and that the § 502(a)(2) and § 502(a)(3) claims must be dismissed. Third, it argues that the § 503 claim is unnecessary because it merely provides relief under § 502(a)(1)(B).

The Center and St. Charles respond further. (Rec. Doc. 76). They argue, among other things, that they have clearly alleged that they were the assignees to all the rights of each of the insureds and therefore have standing. They further contend that the § 503 claim may provide limited relief and, if not, is appropriately disposed of on summary judgment, not a motion to dismiss.

### III. LAW & ANALYSIS

A Federal Rule of Civil Procedure 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest

error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The United States Court of Appeals for the Fifth Circuit has noted that altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

    Here, the Court closely considered the memoranda of the parties, the pleadings, and the applicable law before issuing an order that thoroughly discussed the sufficiency of each of the Center and St. Charles' allegations. In its motion for reconsideration, Humana raises issues that it has previously raised—or should have previously raised—in its memoranda concerning the motion to dismiss. These include valid concerns as to whether the Center and St. Charles will be able to satisfy the elements of their claims and that, even if they are able to do so, some of those claims may fail on the mere basis that they are duplicative. Although their pleadings are not flawless, neither the Federal Rules of Civil Procedure nor the jurisprudence requires that they be. As this Court has previously concluded, the Center and St. Charles have sufficiently alleged their ERISA claims. At this juncture, they are not required to prove them. Humana will have ample

opportunity, following discovery, to reassert its arguments in subsequent dispositive motions. Accordingly, reconsideration is not necessary or appropriate.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Humana's motion for reconsideration (Rec. Doc. 67) is **DENIED**.

New Orleans, Louisiana, this 9th day of June, 2014.

_____
UNITED STATES DISTRICT JUDGE